UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | No. 3:13-CR-00060 |
| ) | Judge Kevin H. Sharp |
| **JUSTIN COHN** ) | |
| **DENISE COHN** ) | |

**ORDER OF FORFEITURE CONSISTING OF
$50,000.00 UNITED STATES CURRENCY MONEY JUDGMENT
IN LIEU OF FORFEITURE OF REAL PROPERTY**

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of Defendant Justin Cohn's guilty plea as to the Superseding Information, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853(a)(1) of real property known as 2704 Mollys Court, Spring Hill, Tennessee 37174-7126 ("Mollys Court), including all improvements thereon and appurtenances thereto and more particularly described as follows:

> Lot Number: 139; Subdivision: Plan of the Revised Plat Pipkin Hills Sub Sec IV; District: 11; City/Muni/Twnsp: Spring Hill; Map: MB31 Pg. 118.

Mollys Court is proceeds of or involved in the offense of which Defendant was convicted.

2. The Court has determined, based on relevant and reliable evidence, including facts already in the record, the written plea petition/plea agreement dated August 16, 2013, and any additional evidence or information submitted by the parties, including the factual basis agreed to between the United States and Defendant Denise Cohn at page 4-5, paragraph 8 of the Plea Agreement, and the facts set forth at the plea colloquy on August 16, 2013, that Mollys Court is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1).

3. The parties have agreed to the entry of an Order of Forfeiture consisting of a personal Money Judgment against Defendant in the amount of $50,000.00 United States Currency as to the Superseding Information in lieu of forfeiture of real property.

4. Pursuant to 21 U.S.C. § 853(a)(1), Defendant shall forfeit to the United States the sum of $50,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against Defendant. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. The sale of real property was finalized on September 6, 2013, and the United States has received a check in the amount of $50,000.00. Immediately upon clearance of the check, the United States shall notify the Court that this Money Judgment has been satisfied and shall release any lis pendens on Mollys Court.

6. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this \_\_\_\_

_Kevin H. Sharp_
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE